## S08A1400. LEWIS v. O'DAY et al.
(667 SE2d 594)

HUNSTEIN, Presiding Justice.

George Albert Lewis appeals from the denial of his timely petition to contest the election results of the November 6, 2007 mayoral election in the City of Santa Claus, in which Lewis lost to the incumbent mayor, appellee Bernard Harden. Finding no error, we affirm.

1. Lewis contends that irregularities regarding the "untrained uncertified" election superintendent necessitate a new election. The evidence adduced before the trial court established that Santa Claus had no municipal superintendent, see OCGA § 21-2-70.1 (a), because

---

424

the November 6, 2007 election was the first contested election in Santa Claus in over 20 years. Although its city clerk, appellee Mary Juanita O'Day, would otherwise have served in that position, see id. at (b), she had been unable to attend the necessary training course and thus was not qualified. Id. at (c).[1] Arrangements were made for Calloway, a qualified person from Tattnall County, to serve as election superintendent without compensation. The poll manager, who actually conducted the election, and all of the poll officers were properly qualified. See OCGA § 21-2-90 et seq. The poll manager testified that both Calloway and the election superintendent for Toombs County were accessible on voting day for any questions that arose and that, in her experience, election superintendents are never on site at the polling precinct during elections. She testified that on the evening of the election after all the votes had been counted, she realized that the document for reporting the municipal returns seemed to require the signature of the election superintendent. Because Calloway was not physically present, the poll manager consulted with O'Day, who had not earlier been involved in the election. O'Day telephoned Calloway and then discussed the matter with the Secretary of State's office. Pursuant to its instructions, O'Day signed the document herself.[2]

OCGA § 21-2-522 (1) authorizes an election contest on the ground of "[m]isconduct, fraud, or irregularity by any . . . election official or officials sufficient to change or place in doubt the result." "'Election returns carry a presumption of validity. [Cit.]' [Cit.] The burden of establishing an irregularity or illegality 'sufficient to change or place in doubt the (election) result' ([cit.]) is on the party contesting the election. [Cit.]" *Walls v. Garrett*, 247 Ga. 640, 646 (1) (277 SE2d 903) (1981). The trial court found that there was no evidence to support the claim that the actions of either the designated election superintendent or O'Day changed or placed in doubt the results of the election and "'a trial court's findings in an election contest will not be disturbed unless clearly erroneous. (Cit.)' [Cit.]" *McIntosh County Bd. of Elections v. Deverger*, 282 Ga. 566, 567 (2) (a) (651 SE2d 671) (2007). Because our review of the evidence establishes that Lewis failed to carry his burden of proof, the trial court did not clearly err in its ruling.

2. Lewis next contends that the omission of statutory language on the ballot necessitates a new election. Evidence was introduced that Harden, as mayor of Santa Claus, undertook to have the ballot

[1] This subsection was deleted by Ga. L. 2008, p. 781, effective July 1, 2008.
[2] The penalty for failing to have a qualified elections superintendent is a fine. OCGA §§ 21-2-100 (e), 21-2-101 (d).

printed because O'Day, the only employee of Santa Claus, was ill. See OCGA § 21-2-280 (all ballots used in election "shall be provided by the superintendent or municipal governing authority"). The printed ballot, however, failed to contain the directions that explain how to cast a vote, as required by OCGA § 21-2-285 (b) (1), or the voter fraud language, as required by subsection (h) of that statute.[3] The poll manager testified that she and the poll workers instructed each voter how to fill out the ballot and that there was no concern or confusion by the voters regarding the ballot. Lewis adduced no evidence to rebut the poll manager's testimony. Nor did he introduce any evidence to support his claim that the absence of the statutory language from the ballot confused or obstructed any voter in the free and intelligent casting of his or her vote.

> "There is a sanctity to elections under our system of self-government, wherein the will of the people . . . is the supreme law." The setting aside of an election in which the people have chosen their representative is a drastic remedy that should not be undertaken lightly, but instead should be reserved for cases in which a person challenging an election has clearly established a violation of election procedures and has demonstrated that the violation has placed the result of the election in doubt.

(Footnotes omitted.) *Hunt v. Crawford*, 270 Ga. 7, 10 (507 SE2d 723) (1998). Under the circumstances of this case, and deferring to the trial court as the finder of fact, see id., we conclude that the irregularity presented by the failure to include the statutory language on the ballot did not require the setting aside of the Santa Claus mayoral election.

3. Pretermitting the uncontroverted evidence that O'Day was not the election superintendent, we find meritless Lewis's final argument in which he asserts that a new election is required because O'Day failed to purge the voters list, inasmuch as the election superintendent has no duty in regard to maintaining the list of qualified electors. See OCGA § 21-2-70 (powers and duties of election

---

[3] OCGA § 21-2-285 (b) (1) requires:
Directions that explain how to cast a vote and how to obtain a new ballot after one is spoiled shall appear immediately under [the "Official Ballot"] caption on a ballot presenting the names of candidates for election to office as specified by the rules and regulations of the State Election Board.
Subsection (h) requires that each ballot have printed thereon:
"I understand that the offer or acceptance of money or any other object of value to vote for any particular candidate, list of candidates, issue, or list of issues included in this election constitutes an act of voter fraud and is a felony under Georgia law."

superintendent). Compare OCGA § 21-2-212 et seq. (appointment of and duties pertaining to registrars). Moreover, Lewis adduced no evidence to establish that the alleged failure to purge the voters list resulted in the casting of any improper or illegal vote. See generally *Walls v. Garrett*, supra, 247 Ga. at 646 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Layne & Layne, Alan P. Layne*, for appellant.

*Smith & Jenkins, Wilson R. Smith, Karen C. Handel*, for appellees.